

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BETH ANN GOLDSBERRY, ) | |
| ) | |
| Plaintiff, ) | Case No. 06 C 1268 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Martin C. Ashman |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Beth Ann Goldsberry ("Goldsberry") petitions this Court for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). Defendant, the Commissioner of Social Security ("Commissioner"), opposes Goldsberry's motion on the grounds that the government's position in the underlying litigation was substantially justified. The parties have consented to have this Court resolve any and all disputes in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. For the reasons stated below, Goldsberry's petition is granted.

### I. Background

Beth Ann Goldsberry filed for SSI benefits on March 4, 2002, claiming that she was disabled as a result of bipolar disorder. (R. at 129, 136.) When the Social Security Administration ("SSA") denied her claim on June 20, 2002, Goldsberry filed a request for reconsideration, which was denied on November 15, 2002. (R. at 114, 122, 123.) Goldsberry next filed a request for a hearing before an Administrative Law Judge ("ALJ"). (R. at 127.)

After the ALJ denied her claim, she filed a request for reconsideration with the Appeals Council of the SSA, which remanded the case to the ALJ for a supplemental hearing. (R. at 36.) The ALJ once again rendered an unfavorable decision, and the Appeals Council declined Goldsberry's request to review the case, making the ALJ's decision the final decision of the Commissioner. (R. at 15-22, 6-12.)

Goldsberry appealed the Commissioner's decision to this Court. The Court upheld the ALJ's findings on Goldsberry's residual functional capacity and held that the ALJ adequately articulated his analysis at step three of the five-step disability determination, where he concluded that Goldsberry's impairment did not meet or equal a listed impairment. However, the Court reversed the ALJ's decision and remanded the case for further proceedings based on its finding that the facts the ALJ relied on in discrediting Goldsberry's testimony about the severity of her condition were insufficient to support his conclusion. The Court found that the credibility of Goldsberry's testimony was a potentially dispositive issue in the case, and remanded the case to the ALJ for further consideration of the credibility issue. Goldsberry timely filed the instant motion for attorneys' fees and costs and supported it with the required documentation.

## II. Discussion

Under EAJA, the Court may award attorneys' fees if (1) the plaintiff is the "prevailing party" in the underlying litigation; (2) the government's position in the underlying litigation or administrative proceedings was not "substantially justified"; (3) there are no special circumstances that would make an award of fees unjust; and (4) the fee petition is submitted within thirty days of final judgment and is accompanied by an itemized statement of fees. 28 U.S.C. § 2412(d)(1)(A) and (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

In this case, it is clear that Goldsberry is the prevailing party in the underlying litigation, and the Commissioner does not argue that special circumstances would make an award of fees inappropriate in this case or that the petition was procedurally deficient. Therefore, the only issue that the Court must address is whether the government's position was "substantially justified."

The "substantially justified" standard applies both to the government's pre-litigation position, represented in this case by the ALJ's ruling, and to the position the government took in litigating this case. *Cunningham*, 440 F.3d at 863-64. While the fact that the Commissioner lost in the underlying litigation creates no presumption in favor of awarding fees, *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994), the government bears the burden of showing that its position was "substantially justified" at both stages in order to defeat the claim for attorneys' fees. *Cunningham*, 440 F.3d at 864. The Seventh Circuit has stated that the "substantial justification" standard "requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). Put simply, the government must show "a rational ground for thinking that it had a rational ground" for denying benefits. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). It is well settled that a party's position can be "substantially justified" but incorrect, as long as a reasonable person could think that the position was correct. *Golembiewski*, 382 F.3d at 724 (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)).

The Commissioner urges the Court to find that the government's position was substantially justified. The Commissioner notes that the Court found in the Commissioner's favor on all but one of the objections Goldsberry raised in her appeal. Therefore, the Commissioner argues that, taken as a whole rather than as a set of discrete sub-issues, the government's position was justified. (Def.'s Resp. at 4-5.)

The Court disagrees. As discussed above, the specific issue that led the Court to reverse the ALJ's decision in this case was the issue of credibility. The Court found that the reasons the ALJ provided for his credibility determination were insufficient and that his conclusion could not be upheld as "supported by substantial evidence." Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Therefore, insufficient reasons are those that a "reasonable mind" would not accept as adequate to support a conclusion. The Court concluded that the issue of credibility was essential to the outcome of the case, because if Goldsberry's testimony regarding the severity of her impairment were credited, she would be disabled. If a reasonable mind would not accept the ALJ's reasoning on this key issue as adequate to support his conclusion, it is difficult to see how the conclusion, and consequently the outcome of the case, can be "substantially justified."

The Commissioner's response brief points to medical evidence in the record that could be seen as refuting Goldsberry's testimony. (Def.'s Resp. at 6.) However, the Court is concerned with the government's position as reflected in the ALJ's decision, which relied on factors such as the date of Goldsberry's last hospitalization, her employment history, and a vacation that she took with her boyfriend. It may be true that there were facts that the ALJ could have relied on to provide substantial justification for his position, but the Commissioner's *ex post* justifications do

not alter the fact that the ALJ's position, as articulated in the decision that Goldsberry appealed, was not substantially justified. Therefore, an award of attorneys' fees and costs is appropriate under EAJA.

Goldsberry's petition requests 36.2 hours of attorneys' fees and $17.44 in costs. The attorneys' fees were incurred between the years 2005 and 2008 at rates ranging from $153.75 to $161.25 per hour. These rates, which exceed the statutory limit of $125 per hour, are appropriate in light of increases in the cost of living as reflected in the Consumer Price Index. Determining rates by using the annual CPI for each of the years in question is appropriate. *See Marcus*, 17 F.3d at 1040; *Reynolds v. Barnhart*, No. 02 C 1545, 2003 WL 21544018, at *2 (N.D. Ill. July 7, 2003) (granting attorneys' fees at an hourly rate reflecting cost of living increases in Chicago based on the CPI). Furthermore, the Court finds that the number of hours expended was reasonable. Therefore, Goldsberry's petition for fees is granted in the amount of $5,826.94.

### III. Conclusion

For the reasons stated above, Goldsberry's petition for attorneys' fees and costs is granted. Fees and costs in the amount of $5,826.94 shall be paid directly to Goldsberry's attorney, Ashley S. Rose.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
Dated: April 17, 2008.                              United States Magistrate Judge